CT Corporation

**Service of Process
Transmittal**
08/03/2021
CT Log Number 540013816

**TO:**   Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Georgia**

**FOR:**   WALMART INC.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# GEORGIA CORPORATIONS DIVISION

## GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | Walmart INC. | Control Number: | **J151025** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **708 SW 8th Street, Bentonville, AR, 72716, USA** | Date of Formation / Registration Date: | **7/20/1981** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2021** |

### REGISTERED AGENT INFORMATION

Registered Agent Name: **THE CORPORATION COMPANY (FL)**

Physical Address: **106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, USA**

County: **Forsyth**

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| C. Douglas McMillon | CEO | 708 SW 8th Street, Bentonville, AR, 72716, USA |
| Michael Brett Biggs | CFO | 708 SW 8th Street, Bentonville, AR, 72716, USA |
| Rachel Brand | Secretary | 708 SW 8th Street, Bentonville, AR, 72716, USA |

Back

Filing History    Name History

Return to Business Search

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-1530, Phone: (404) 656-2817 Toll-free: (844) 753-7825, WEBSITE: https://sos.ga.gov/

© 2015 PCC Technology Group. All Rights Reserved. Version 6.2.17

Report a Problem?

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245**
B

JUL 29, 2021 08:07 AM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   <u>SUCV2021000245</u>

Ackerman, Tonya

---

**PLAINTIFF**                                      **VS.**

Walmart Claims Services, Inc.
Walmart Inc.

---

**DEFENDANTS**

### SUMMONS

TO: WALMART INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Leslie Cushner**
**Cushner Law & Mediation, LLC**
**401 E. Grady Street**
**Statesboro, Georgia 30458**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of July, 2021.**

Clerk of Superior Court

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

# SUPERIOR COURT OF BULLOCH COUNTY
# STATE OF GEORGIA

✎ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245**
B

JUL 29, 2021 08:07 AM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

CIVIL ACTION NUMBER   SUCV2021000245

Ackerman, Tonya

**PLAINTIFF**

                                                       **VS.**

Walmart Claims Services, Inc.
Walmart Inc.

**DEFENDANTS**

### SUMMONS

TO: WALMART CLAIMS SERVICES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Leslie Cushner**
> **Cushner Law & Mediation, LLC**
> **401 E. Grady Street**
> **Statesboro, Georgia 30458**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of July, 2021.**

                                            Clerk of Superior Court

                                  *Heather Banks McNeal*
                                  Heather Banks McNeal, Clerk
                                  Bulloch County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

🖥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

SUCV2021000245
B

JUL 29, 2021 08:07 AM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

☑ **Superior** or ☐ **State Court of** ___Bulloch_____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _07-29-2021_____ <br> **MM-DD-YYYY** | **Case Number** _SUCV2021000245_ |

**Plaintiff(s)**

Ackerman, Tonya

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Walmart Claims Services, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Walmart Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Cushner, Leslie          **Bar Number** _151422_____   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| **General Civil Cases** |
|---|
| ☑ **Automobile Tort** |
| ☐ **Civil Appeal** |
| ☐ **Contract** |
| ☐ **Contempt/Modification/Other Post-Judgment** |
| ☐ **Garnishment** |
| ☐ **General Tort** |
| ☐ **Habeas Corpus** |
| ☐ **Injunction/Mandamus/Other Writ** |
| ☐ **Landlord/Tenant** |
| ☐ **Medical Malpractice Tort** |
| ☐ **Product Liability Tort** |
| ☐ **Real Property** |
| ☐ **Restraining Petition** |
| ☐ **Other General Civil** |

| **Domestic Relations Cases** |
|---|
| ☐ **Adoption** |
| ☐ **Contempt** |
|    ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ **Family Violence Petition** |
| ☐ **Modification** |
|    ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Paternity/Legitimation** |
| ☐ **Support – IV-D** |
| ☐ **Support – Private (non-IV-D)** |
| ☐ **Other Domestic Relations** |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
    **Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
      **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

⚚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245**
**B**

JUL 29, 2021 08:07 AM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

## IN THE SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TONYA ACKERMAN,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | Civil Action No._____ |
| | § | |
| **WALMART INC. and WALMART** | § | |
| **CLAIMS SERVICES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

**COMES NOW TONYA ACKERMAN**, Plaintiff in the above-styled action, and by and through her attorney, and for her Complaint shows the Court the following:

### Parties, Jurisdiction and Venue

1.

Plaintiff, Tonya Ackerman, is a resident of Bulloch County, Georgia and is subject to the jurisdiction and venue of this Court.

2.

Defendant Walmart Inc. and Walmart Claims Services, Inc. ("Walmart"), upon information and belief, are corporations organized under the laws of the State of Georgia and authorized to do business in the State of Georgia. Defendant Walmart's principal office is located at 702 SW 8th Street, Bentonville, Arkansas, 72716. Defendant's own property and transacts business in Bulloch County, Georgia. Defendants are subject to the jurisdiction and venue of this Court and said Defendants may be served through their registered agent for service of process, The Corporation Company 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, 30040-2794.

**Nature of the Action**

3.

This is a negligence action brought by Plaintiff to recover all damages suffered as a result of Defendants' failure to keep the premises of the Walmart Supercenter of Statesboro (the "Store"), in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and excruciating pain.

**Factual Background**

4.

On or about Tuesday, August 6, 2019, Plaintiff was shopping in Walmart Supercenter #754 located at 147 Northside Drive East, Statesboro, Bulloch County, Georgia, which is owned, operated, leased and/or possessed by Defendant for the specific purpose of operating a grocery store. Defendant controlled and maintained all areas of the Store and held them open to its guests and business invitees.

5.

Defendants solicit patronage of the public for its business of selling groceries, clothing, outdoor and other household items.

6.

On or about the afternoon of August 6, 2019, Plaintiff entered the Store as a business invitee for the specific purpose of shopping and transacting business at the Store during normal business hours.

7.

While as a business invitee on the Store premises, Plaintiff was shopping in the skin

care aisle and fell as a result of slipping on grapes spilled by another customer. There had been no effort by employees of Defendants to clean up the grapes and no warning signs had been placed to tell customers of the danger.

8.

At all times relative to this incident, Plaintiff was exercising due care for her own safety and acting in a non-negligent manner while on the Store premises.

9.

There were no warning signs and/or other notice posted indicating the dangerous condition of the spilled produce in the aisle.

10.

Plaintiff had no knowledge of the dangerous condition until the time of her fall.

11.

Plaintiff's fall was the direct result of the dangerous condition of the spilled produce in the aisle. The spilled product constituted a dangerous condition.

12.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical pain, emotional trauma and stress, and physical injuries to her right knee. Specifically, Plaintiff's suffered a fracture requiring surgery and months of treatment and rehabilitation.

## COUNT ONE
### Failure to Inspect and Maintain

13.

Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein

14.

Defendants owed a duty to business invitees of maintaining a safe environment with shopping aisles clear of obstructions.

15.

Defendants were negligent for failing to inspect and failing to maintain the Store in a safe condition.

16.

Defendants' failure to inspect and maintain the premises was the direct and proximate result of Plaintiff's fall and subsequent bodily and emotional injuries.

17.

Based on Defendants' failure to inspect and maintain the premises, Plaintiff has a right to recover for all general and special damages associated with her personal injury, including, but not limited to, pain and suffering.

## COUNT TWO
### Failure to Warn of Dangerous Condition

18.

Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs one (1) through seventeen (17) as if fully set forth herein

19.

Defendants had actual and/or constructive knowledge of the dangerous condition of the spilled grapes in the aisle which was superior to the knowledge Plaintiff had of said condition.

20.

Defendants failed to warn Plaintiff of the defective and dangerous condition of the aisle.

21.

Defendants' failure to warn Plaintiff of the dangerous condition of the aisle was the direct and proximate cause of Plaintiff's fall and subsequent bodily injuries.

22.

Based on Defendants' failure to warn Plaintiff of the dangerous condition of the aisle, Plaintiff has a right to recover for all general and special damages associated with her personal injury, including, but not limited to, pain and suffering.

## COUNT III
## Negligence of Defendants

23.

Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24.

Defendant, as owners or operator of retail stores, have, or in the exercise of ordinary care, should have had a degree of knowledge and expertise in the proper and safe maintenance of it's stores which is superior to that of an ordinary patron who visits such a

store.

25.

At the time and place of the incident complained of, Defendant owed Plaintiff a duty of exercising ordinary care to maintain the store in a reasonably safe condition; to correct dangerous conditions of which it knew or should have known; and to warn Plaintiff of any dangerous condition of which it had, or should have had, knowledge greater than that of Plaintiff.

26.

At the time and place of the incident complained of, Defendant breached these duties owed to Plaintiff in one or more of the following ways:

(a) Defendant negligently and carelessly maintained the store, and in particular, the shopping aisle used by Plaintiff, in an unsafe, dangerous and defective condition;

(b) Defendant negligently and carelessly failed to discover the unsafe, dangerous and defective condition of the shopping aisle, in particular the spilled produce in the aisle, by conducting proper inspections; or

(c) After Defendant learned or discovered of this dangerous, unsafe and defective condition in the aisle, Defendant nonetheless failed to cause appropriate steps to be taken to remedy such condition and negligently and carelessly failed to correct it; and

(d) After learning of the dangerous condition, Defendant negligently and carelessly failed to warn Plaintiff about it.

27.

At all times complained of, the unsafe and dangerous condition of the spilled produce in the aisle was a danger unknown to Plaintiff and was not discoverable by her in the exercise of reasonable care.

28.

At all times complained of, Defendants knew, or in the exercise of ordinary care, should have known of the unsafe, dangerous and defective condition of the shopping aisle, in particular regarding the spilled produce in the aisle, and that such condition, if not remedied, created a particular, inherent, intrinsic, and unreasonable risk of physical harm to persons coming into the Store.

29.

Plaintiff has the right to recover for all general and special damages associated with her personal injury, including, but not limited to, pain and suffering.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and Defendants be served according to law;

(b) That Plaintiff have a trial by a jury of twelve of her peers;

(c) That Plaintiff have judgment against Defendant for all damages allowed under Georgia law, including, but not limited to, recovery for general and special damages, including pain and suffering, both mental and physical, permanent impairment and all other injuries in an amount to be proven at the time of trial;

(d) That Plaintiff recovers the costs of this litigation;

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted.

CUSHNER LAW & MEDIATION, LLC

*s/ Leslie H. Cushner*
Leslie H. Cushner
Georgia State Bar No. 151422

Attorney for Plaintiff
401 E. Grady Street
Statesboro, Georgia
(912) 259-7777
leslie@cushnerfirm.com

STATE OF GEORGIA      )
                                 )
COUNTY OF BULLOCH     )

## VERIFICATION

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, who, first being duly sworn, deposes and states that the statements contained in the within and foregoing document are true and correct to the best of his/her knowledge, information and belief. However, said information is not based solely upon the information of the executing party, but includes information obtained by and through his/her agents, representatives, and attorneys.

The word usage and sentence structure may be that of the attorneys assisting in the preparation of this document and does not necessarily purport to be the precise language of the executing party.

Sworn to and subscribed before me
this 28 day of July , 2021.

_____
Notary Public State of Georgia

_____

⟠ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245**
B
**JUL 29, 2021 08:07 AM**

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

## IN THE SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TONYA ACKERMAN,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **Civil Action No.**_____ |
| | § | |
| **WALMART INC. and WALMART** | § | |
| **CLAIMS SERVICES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## MOTION FOR ORDER FOR SPECIAL PROCESS SERVER

COMES NOW, Plaintiff Tonya Ackerman and files this, her Motion for the Appointment of Special Process Server pursuant to O.C.G.A. § 9-11-4 and shows this Honorable Court the following:

1.

The Plaintiff filed a Complaint with this Court on July 28, 2021.

2.

Service by a specially appointed server will expedite and ensure the service on the named Defendants.

3.

This Court has proper subject matter jurisdiction as set forth by the facts alleged in the Complaint.

4.

Plaintiff shows the Court that Donald Price is a citizen of the United States, is not a party of the action, and is not younger than 21 years of age.

5.

For the aforesaid reasons, Plaintiff requests this Court to enter an Order granting the Plaintiff's Motion for the Appointment of a Special Process Server and that Donald Price be appointed as a Special Process Server for the Complaint in this case.

This 28th day of July, 2021.

CUSHNER LAW & MEDIATION, LLC


*s/ Leslie H. Cushner*
Leslie H. Cushner
Georgia State Bar No. 151422

Attorney for Plaintiff
401 E. Grady Street
Statesboro, Georgia
(912) 259-7777
leslie@cushnerfirm.com

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245
B**

AUG 02, 2021 12:31 PM

*Heather Banks McNeal*
Heather Banks McNeal, Clerk
Bulloch County, Georgia

## IN THE SUPERIOR COURT OF BULLOCH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TONYA ACKERMAN, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | Civil Action No. SUCV2021-245 B |
| | § | |
| WALMART INC. and WALMART | § | |
| CLAIMS SERVICES, INC. | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Plaintiff has shown that Donald Price, is a citizen of the United States, over the age of twenty-one (21) years, that he is not a party or representative of any party in this action, that the appointment of him as a special process server will expedite the service of process on the named Defendants, the commencement of this lawsuit, and the administration of justice; and that the appointment of him as a special process server will serve the interest of justice. The Court, pursuant to O.C.G.A. § 9-11-4 hereby appoints Donald Price, to serve the Complaint and Summons in this case on the named Defendant.

SO ORDERED this 2nd day of August, 2021.

_____
The Honorable Lovett Bennett, Jr.
Superior Court of Bulloch County

Prepared by:
Leslie H. Cushner
Attorney for Plaintiff
401 E. Grady Street
Statesboro, Georgia
(912) 259-7777
leslie@cushnerfirm.com

**Subject:** Ackerman v. Walmart, et al
**Date:** Monday, August 2, 2021 at 1:26:07 PM Eastern Daylight Time
**From:** Dale Brinson
**To:** dialservices@bellsouth.net
**CC:** Leslie Cushner, Sandy Earls
**Priority:** High
**Attachments:** image001.png, 2021-07-28 Motion to Appoint Special Process Server-E-VEMRM4CJ-ACCEPTED.pdf, 2021-07-28 Complaint-E-VEMRM4CJ-ACCEPTED.pdf, 2021-08-02 Order for Special Process Server.pdf, 2021-07-28 Case Initiation Form.pdf, 2021-07-28 Summons Walmart.pdf, 2021-07-28 Summons Walmart Claims Services.pdf, 2021-07-28 Motion to Appoint Special Process Server-E-VEMRM4CJ-ACCEPTED (1).pdf, Proof of Service.pdf

Per our discussion, please see attached executed Order for Special Process Server as well as the associated documents to be served. Please serve these documents on the Registered Agent for Walmart Claims Services, Inc. and Walmart Inc., The Corporation Company located at 104 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. Please note this is a time sensitive matter as the statute of limitations is this Friday, August 6, 2021.

Once completed, please send a signed copy of the attached Proof of Service to the address below along with the invoice for your services. If you have any questions or need any additional information, please do not hesitate to contact me via phone or email. Thank you for your assistance in this matter.

Thanks,



## Cushner Law & Mediation

**Dale Brinson**

*Paralegal to Leslie H. Cushner, Esquire*



o: 912.259.7777
e: dale@cushnerfirm.com

401 East Grady Street, Statesboro, GA 30458

https:cushnerlawandmediation.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments contain information from the law firm of Cushner Law & Mediation, LLC, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

☰ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
BULLOCH COUNTY, GEORGIA

**SUCV2021000245**
B

**SEP 02, 2021 10:27 AM**

Heather Banks McNeal, Clerk
Bulloch County, Georgia

IN THE SUPERIOR COURT OF BULLOCH COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| TONYA ACKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUCV2021000245 |
| WALMART INC. and WALMART | ) | |
| CLAIMS SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants, and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Pending additional investigation and discovery, Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

### Second Defense

Pending additional investigation and discovery, Defendants states that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

### Third Defense

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages were caused or contributed to by an unknown party's (or parties') actions.

### Fourth Defense

Defendants breached no duty owed to Plaintiff.

EXHIBIT
EXH

-1-

**Fifth Defense**

Plaintiff may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

**Sixth Defense**

Pending further investigation and discovery, Defendants assert the defenses of contributory and comparative negligence.

**Seventh Defense**

Defendants deny that Defendants or Defendants' agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

**Eighth Defense**

Defendants assert that Plaintiff had equal or superior knowledge of the alleged hazard.

**Ninth Defense**

Defendants deny any and all allegations regarding negligent inspection and failure to warn.

**Tenth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. §9-11-9(g).

**Eleventh Defense**

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case.

### Twelfth Defense

Pending further investigation and discovery, Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Thirteenth Defense

There has been an insufficiency of service and an insufficiency of service of process as to Defendant Walmart Claims Services, Inc.

### Fourteenth Defense

Both Defendants are improper parties as they played no role in the events alleged in by Plaintiff in her Complaint.

### Fifteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendants show the Court as follows:

**Parties, Jurisdiction and Venue**

1.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 1 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

2.     The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, as pled.  Both Defendants are improper parties as they played no role in the events alleged by Plaintiff in her Complaint.  Defendants admit that their principal places of business are outside the State of Georgia.  Defendants deny that they own property in the State of Georgia.

**Nature of the Action**

3.     The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied, as pled.

**Factual Background**

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied, as pled.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied, as pled.

6.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 6 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

7.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 7 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

8.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 8 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

9.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 9 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

10.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 10 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

11.     At this time, Defendants are without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 11 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

## COUNT ONE
### Failure to Inspect and Maintain

13.     In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants incorporate by references their responses to Paragraphs 1-12 of Plaintiff's Complaint.

14.     The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, as pled.  To the extent any other Walmart entity may be a proper party Defendant, Defendants deny that any duties which may have been owed were breached.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

## COUNT TWO
### Failure to Warn of Dangerous Condition

18.     In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendants incorporate by references their responses to Paragraphs 1-17 of Plaintiff's Complaint.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendants deny that they were aware of any hazardous condition.  Both Defendants are improper parties as they played no role in the events alleged by Plaintiff in her Complaint.  Any remaining allegations are denied, as pled.

21.     In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendants deny that they were aware of any hazardous condition.  Both Defendants are

improper parties as they played no role in the events alleged by Plaintiff in her Complaint.  Any remaining allegations are denied, as pled.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied, as pled.

## COUNT III
### Negligence of Defendants

23.     In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants incorporate by references their responses to Paragraphs 1-22 of Plaintiff's Complaint.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied. Defendants were not owners or operators of the Walmart store at issue.  To the extent any other Walmart entity may be a proper party Defendant, Defendants deny that any duties which may have been owed were breached.  Any remaining allegations are denied.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied. Defendants were not owners or operators of the Walmart store at issue.  To the extent any other Walmart entity may be a proper party Defendant, Defendants deny that any duties which may have been owed were breached.  Any remaining allegations are denied.

26.     The allegations contained in Paragraph 26, and the subparts thereto, of Plaintiff's Complaint are denied.  Defendants were not owners or operators of the Walmart store at issue. To the extent any other Walmart entity may be a proper party Defendant, Defendants deny that any duties which may have been owed were breached.  Any remaining allegations are denied.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, as pled.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied. Defendants were not owners or operators of the Walmart store at issue.  To the extent any other Walmart entity may be a proper party Defendant, Defendants deny that any duties which may have been owed were breached.  Any remaining allegations are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     Defendants deny that Plaintiff is entitled to the relief requested in Plaintiff's "prayer for relief", which appears immediately after the 29th Paragraph of Plaintiff's Complaint.

31.     Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendants pray that they be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 2nd day of September, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
MeaderG@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via statutory electronic service by filing in PeachCourt, a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* to the following counsel of record, addressed as follows:

leslie@cushnerfirm.com
Leslie H. Cushner
Cushner Law & Mediation, LLC
401 E. Grady Street
Statesboro, GA 30548

This 2nd day of September, 2021.

DREW, ECKL & FARNHAM, LLP

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 280-9662
MeaderG@deflaw.com

Control Number : 19110569

# STATE OF GEORGIA
## Secretary of State
**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## AMENDED CERTIFICATE OF AUTHORITY
### NAME CHANGE

 I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Lun Health Co.**
**a Foreign Profit Corporation**

formed under the laws of the State of **Delaware** and authorized to transact business in Georgia on **08/14/2019**, has amended its application to transact business in this state by the filing of an amendment changing its name to

**Semaine Health Co.**
**a Foreign Profit Corporation**

 and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **02/17/2021**.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

EXHIBIT "B"